**United States District Court**
For the Northern District of California

1
2
3
4
5          IN THE UNITED STATES DISTRICT COURT
6          FOR THE NORTHERN DISTRICT OF CALIFORNIA
7
8  JEFF JOHNSTON,                          No. C 06-05382 SI
9          Plaintiff,                      **ORDER GRANTING DEFENDANTS'**
                                           **MOTION TO DISMISS IN FAVOR OF**
10    v.                                   **ARBITRATION**
11 BEAZER HOMES TEXAS, L.P., et al.
12         Defendants.
                                        /
13
14         On March 2, 2007, the Court heard argument on defendants' motion to dismiss or in the
15 alternative, to transfer.  Having considered the arguments of the parties and the briefs submitted, and
16 for good cause shown, the Court hereby GRANTS defendants' motion to dismiss.
17
18                        **BACKGROUND**
19         Plaintiff Jeff Johnston filed a pro se complaint in this Court on August 31, 2006.  According to
20 the complaint, plaintiff is a licensed real estate broker residing in California, and doing business as Lexis
21 Properties, Nexis Properties, and Silverado Properties.   Defendants are a Texas-based home
22 development company and its employees.  In or around December 2005, plaintiff and defendants entered
23 into three agreements (the "Agreements"), whereby plaintiff agreed to purchase three single-family
24 homes from defendants.  The Agreements are attached to defendants' motion as Exhibit 1.  The homes
25 are located in Fort Worth, Texas.
26         Each of the three Agreements at issue contains a "Binding Arbitration" clause.  *See* Mot., Ex.
27 1 ¶ 21.  These provisions state, in pertinent part:
28         Any post-Closing controversy or claim between or among the parties hereto arising out

United States District Court
For the Northern District of California

of this Agreement or the breach thereof shall be determined by binding arbitration held in the county and state in which the Home is located . . . and not by a court of law. . . . Judgment upon the award rendered by arbitration may be entered in any court having jurisdiction of the matter. . . .   Any party to this Agreement may bring an action, including a summary or expedited proceeding to compel arbitration of any controversy or claim to which this Agreement applies in any court having jurisdiction over such action. . . .

Each of the Agreements is also followed by a "Warranty and Arbitration Addendum" (the "Addendums"), which purports to "completely replace[] all provisions in the Agreement relating to dispute resolution, litigation, mediation, and arbitration . . . ." Mot., Ex. 1.  The arbitration provision in the Addendums states, in pertinent part:

This provision covers all claims or disputes between Buyer and Seller, or parties acting on Seller's behalf, related directly or indirectly to or arising from this Agreement, including but not limited to any limited warranty to be provided by Seller at closing, the development, design or construction of the home and related common elements (if any), or the marketing sale or transfer of title to the home or common elements (if any).  All such claims and disputes shall be resolved by binding arbitration held in the county and state in which the home is located, pursuant to the procedures described in this section. Buyer agrees and acknowledges that binding arbitration shall be the sole remedy for resolving any and all disputes between Buyer and Seller, or Seller's representatives.

* * * *

Any party to this Agreement may bring an action, including a summary or expedited proceeding, to compel arbitration of any controversy or claim to which this Agreement applies in any court having jurisdiction over such action. . . . .

See id.

Plaintiff's complaint appears to allege causes of action for breach of contract and fraud.[1] Defendants now seek to dismiss plaintiff's complaint on two grounds:  (1) failure to state a claim, due to the binding arbitration agreement[2]; and (2) improper venue.  In the alternative, defendants seek transfer of this action to the Northern District of Texas.  Plaintiff filed his opposition to defendants' motion one day prior to the scheduled hearing.

---

[1]Plaintiff alleges that he was fraudulently induced to purchase the real estate at issue.  See Complaint ¶ 32.  He does not allege or argue that defendants fraudulently induced him to sign the arbitration agreements.

[2]Though moving for a stay under Section 3 of the Federal Arbitration Act, 9 U.S.C. § 3, and petitioning to compel arbitration under Section 4, is the normal course in cases such as this, it is also appropriate to move for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).  See Sparling v. Hoffman Constr. Co., 864 F.2d 635, 638 (9th Cir. 1988).

2

United States District Court
For the Northern District of California

**LEGAL STANDARD**

Where an "arbitration clause [is] broad enough to bar all of the plaintiff's claims since it required [the plaintiff] to submit all claims to arbitration," those claims may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988). The Federal Arbitration Act, and case law interpreting it, provide guidance as to when an arbitration agreement covers a plaintiff's claims.

Section 4 of the Federal Arbitration Act permits "a party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration [to] petition any United States District Court . . . for an order directing that . . . arbitration proceed in the manner provided for in [the arbitration] agreement." 9 U.S.C. § 4. Upon a showing that a party has failed to comply with a valid arbitration agreement, the district court must issue an order compelling arbitration. *See Cohen v. Wedbush, Noble Cooke, Inc.,* 841 F.2d 282, 285 (9th Cir. 1988).

The Supreme Court has stated that the FAA espouses a general policy favoring arbitration agreements. *See Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25, 103 S. Ct. 927, 941 (1983). Federal courts are required to rigorously enforce an agreement to arbitrate. *See id.* In determining whether to issue an order compelling arbitration, the court may not review the merits of the dispute, but must limit its inquiry to (1) whether the contract containing the arbitration agreement evidences a transaction involving interstate commerce, (2) whether there exists a valid agreement to arbitrate, and (3) whether the dispute(s) fall within the scope of the agreement to arbitrate. *See Republic of Nicaragua v. Standard Fruit Co.*, 937 F.2d 469, 477-78 (9th Cir. 1991), *cert denied*, 503 U.S. 919 (1992). If the answer to each of these queries is affirmative, then the court must order the parties to arbitration in accordance with the terms of their agreement. 9 U.S.C. § 4.

"When considering a motion to compel arbitration, a court applies a standard similar to the summary judgment standard of Fed. R. Civ. P. 56." *McCarthy v. Providential Corp.*, 1994 U.S. Dist. LEXIS 10122 at *6 (N.D. Cal. 1994). In considering a motion to compel arbitration which is opposed on the ground that no valid agreement to arbitrate was made, a district should give to the opposing party the benefit of all reasonable doubts and inferences that may arise *Id.* at *6-7 Only when there is no genuine issue of material fact concerning the formation of an arbitration agreement should a court

United States District Court
For the Northern District of California

1   decide as a matter of law that the parties did or did not enter into such an agreement.  *Three Valleys*

2   *Mun. Water Dist. v. E.F. Hutton & Co.*, 925 F.2d 1136, 1141 (9th Cir. 1991).

3          "The standard for demonstrating arbitrability is not a high one; in fact, a district court has little

4   discretion to deny an arbitration motion, since the [FAA] is phrased in mandatory terms."  *Standard*

5   *Fruit*, 937 F.2d at 475; *cf. Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218, 105 S. Ct. 1238, 1241

6   (1985) (holding that the FAA "leaves no place for the exercise of discretion by a district court").

7   Moreover, the scope of an arbitration clause must be interpreted liberally and "as a matter of federal law,

8   any doubts concerning the scope of arbitrable disputes should be resolved in favor of arbitration."

9   *Moses H. Cone*, 460 U.S. at 24, 103 S. Ct. at 941.  Hence,  "[a]n order to arbitrate ... should not be

10  denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an

11  interpretation that covers the asserted dispute.  Doubts should be resolved in favor of coverage."  *United*

12  *Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582-583 (1960).

13         In interpreting the validity and scope of an arbitration agreement, the courts apply state law

14  principles of contract formation and interpretation.  *See Wolsey, Ltd. v. Foodmaker, Inc.*, 144 F.3d

15  1205, 1210 (9th Cir. 1998); *Hyundai America, Inc. v. Meissner & Wurst GMBH & Co.*, 26 F. Supp. 2d

16  1217, 1218-19 (N.D. Cal. 1998).

18                                            **DISCUSSION**

19         The arbitration provisions at issue appear to meet all three requirements for compelling

20  arbitration, as laid out in *Standard Fruit*, 937 F.2d at 477-78:  (1) The home sale contracts "containing

21  the arbitration agreement evidence[] a transaction involving interstate commerce," namely the sale of

22  real estate in one state to a purchaser in another state.   (2) The arbitration agreements appear valid;

23  plaintiff makes no argument otherwise.  Finally, (3) "the dispute(s) fall within the scope of the

24  agreement to arbitrate."  Plaintiff's complaint alleges breach of contract and fraud in connection with

25  the contract.  These claims fall within the broad language of the arbitration agreement, which covers "all

26  claims or disputes between Buyer and Seller, or parties acting on Seller's behalf, related directly or

27  indirectly to or arising from this Agreement . . . ."

28         In his opposition, plaintiff's sole argument is that the arbitration provisions provide the parties

4

United States District Court
For the Northern District of California

1   with the option of arbitration, but do not mandate arbitration exclusively.  In support of this argument,

2   plaintiff selectively quotes language from the arbitration provisions, stating "any party to this

3   Agreement may bring an action, *including* . . . arbitration . . ."  Opp. at 2:24 (emphasis and omissions

4   provided by plaintiff).  The full sentence quoted by plaintiff reads:  "Any party to this Agreement may

5   bring an action, including a summary or expedited proceeding, to compel arbitration of any controversy

6   or claim to which this Agreement applies in any court having jurisdiction over such action."  Thus, when

7   read as a whole, without omitting critical words and punctuation, this sentence merely communicates

8   to the parties where they may bring a petition to compel arbitration.[3]  It does not open the court doors

9   to the parties for resolution of the underlying disputes.

10       The arbitration clause is valid, and appears to cover the claims brought by plaintiff in this Court.

11  The Court therefore GRANTS defendants' motion to dismiss plaintiff's claims in favor of arbitration.

12  Because this action is dismissed in favor of arbitration, the venue issues are moot.

13

14                                                **CONCLUSION**

15       For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendant's

16  motion to dismiss.  (Docket No. 5)

17

18       **IT IS SO ORDERED.**

19

20  Dated:  March 2, 2007                                    _____

21                                                           SUSAN ILLSTON
                                                             United States District Judge

22

23

24       [3]Though plaintiff's selective quoting of the sentence suggests an attempt to mislead, he perhaps
    was confused by a discrepancy between the language of the arbitration provision of the Agreements,
25  and that of the Addendums.  The same sentence in the Agreements appears to omit one of the commas
    in the sentence, and thus reads:  "Any party to this Agreement may bring an action, including a summary
26  or expedited proceeding to compel arbitration of any controversy or claim to which this Agreement
    applies in any court having jurisdiction over such action."  *See* ¶ 21.  Taken alone, this sentence could
27  be interpreted as plaintiff interpreted it.  However, the Addendum supercedes the arbitration provision
    of the Agreements, and this language is therefore irrelevant.  Furthermore, the context of the sentence
28  makes clear that plaintiff's interpretation is wrong.